UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOAO VIANA TULANDANA,<br><br>Petitioner,<br><br>v.<br><br>BRUCE SCOTT, Warden, Northwest ICE Processing Center, et al.,<br><br>Respondents. | Case No. C26-1969-RSM<br><br>ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241 |

This matter comes before the Court on Petitioner Nemer Vazquez Orozco's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. Dkt. #1. The Court has reviewed the Petition, and a Return filed by the Government, Dkt. #4, and the remainder of the record. No traverse was filed by Petitioner.

The following facts are taken from the Petition and a declaration submitted by an ICE officer, Dkt. #6. Petitioner is a native and citizen of Angola who entered the United States at or near San Luis, Arizona, on or around December 31, 2023, without being admitted or paroled. Border Patrol ("BP") encountered the Petitioner at or near Yuma, Arizona on January 1, 2024, and determined he had entered the United States illegally. He was released on an alternative to detention ("ATD") program. On January 1, 2024, DHS issued Petitioner a Notice to Appear ("NTA") stating that Petitioner was removable from the United States pursuant to Immigration and Nationality Act ("INA") Section ("§") 212(a)(6)(A)(i). Respondents argue that Petitioner had several violations of the ATD program, mainly missing biometric check-ins. On April 24, 2026, Petitioner reported to the ERO Seattle office in Tukwila, Washington. Based off

Petitioner's multiple ATD violations ERO decided to detain him on that same date. The Petitioner was transferred to the NWIPC on April 24, 2026. Petitioner had a bond hearing, represented by counsel, on May 26, 2026. At the hearing an immigration judge denied petitioner's bond because it lacked jurisdiction, however, in the alternative granted Petitioner bond for $7,000. The Petitioner had his merits hearing, represented by counsel, on June 16, 2026. An immigration judge ordered Petitioner removed to Angola on that same date. Petitioner has appealed and that appeal remains pending. *See* Dkt. #8.

On September 30, 2025, this Court granted summary judgment to members of a certified Bond Denial Class, defined to include the following individuals:

> All noncitizens without lawful status detained at the Northwest ICE Processing Center who (1) have entered or will enter the United States without inspection, (2) are not apprehended upon arrival, (3) are not or will not be subject to detention under 8 U.S.C. § 1226(c), § 1225(b)(1), or § 1231 at the time the noncitizen is scheduled for or requests a bond hearing.

*Rodriguez Vazquez v. Bostock*, 802 F. Supp. 3d 1297, 1336 (W.D. Wash. 2025). The Court issued the following declaratory relief:

> The Court declares that Bond Denial Class members are detained under 8 U.S.C. § 1226(a) and are not subject to mandatory detention under 8 U.S.C. § 1225(b)(2). The Court further declares that the Tacoma Immigration Court's practice of denying bond to Bond Denial Class members on the basis of § 1225(b)(2) violates the Immigration and Nationality Act.

*Id*.

Petitioner argues the *Rodriguez Vazquez* decision controls in this case and that Petitioner's detention is not properly governed by 8 U.S.C. § 1225(b)(2)(A). Dkt. #1 at 7–8. Respondents argue that Petitioner in ineligible for an immigration judge bond hearing because he is subject to mandatory detention under 8 U.S.C. §1225(b).

Respondents argue "if the Court finds that Petitioner's detention is not mandatory under 8 U.S.C. § 1225(b) but instead falls under 8 U.S.C. § 1226(a), the Court should order that the alternate finding in Petitioner's bond order should be placed in effect." Dkt. #4 at 8.

The Court finds that Petitioner is a member of the Bond Denial Class in *Rodriguez Vazquez*, *supra*, and that the appropriate relief in this case is a new bond hearing. The Court is not convinced that Petitioner has had a constitutionally adequate bond hearing based on this record. Specifically, the finding of an IJ that in the alternative, *if* the court had jurisdiction, the IJ would set bond at $7,000 appears on the written record as a checked box stating, "the request be granted and that respondent be released from custody under bond of $7,000" and another checked box stating, "Flight Risk." *See* Dkt. #5-1 at 2. These circumstances have been seen before by this Court and warrant granting habeas relief. *See Vasquez Lopez v. Scott*, No. 2:26-cv-00438-LK, 2026 WL 984151, at *3 (W.D. Wash. Mar. 28, 2026) ("The Court is left to speculate concerning how the IJ viewed the evidence in light of the applicable factors."); *id*. ("The Court must conclude that the IJ failed to do so, which constitutes an abuse of discretion."); *see also Haidari v. Scott,* No. 2:26-cv-01655-KKE (W.D. Wash. June 5, 2026). The Court agrees with granting Petitioner's alternative requested relief of a new bond hearing. *See* Dkt. #1 at 9.

Having reviewed the relevant briefing and the remainder of the record, the Court hereby finds and ORDERS that Petitioner's habeas petition is GRANTED. The Court ORDERS that Respondent has **until September 18, 2026**, to provide Petitioner notice of a new bond hearing under 8 U.S.C. § 1226(a), at which the Government bears the burden of justifying continued detention by clear and convincing evidence, or, if no such hearing is provided by that deadline, Petitioner shall be released **no later than September 21, 2026**, and not re-detained without

adequate notice and a meaningful opportunity to respond. The Court DIRECTS Respondents to file a status update with the Court no later than **September 22, 2026**.

DATED this 15th day of September, 2026.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE